UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>FELIPE DIAZ-CHAIDEZ,<br>Defendant. | Case No.   CR-09-01122-004 PJH<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>Re: Docket No. 236 |

Before the court is the pro se motion of Felipe Diaz-Chaidez ("movant") to modify and reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the United States Sentencing Guidelines Manual, effective November 1, 2014.  Doc. no. 236.

Movant was indicted in Count One for conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, Section 846; and Count Two for possession of methamphetamine with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1).  (Presentence Report).  On July 7, 2010, movant pled guilty to Count One for conspiracy to distribute methamphetamine pursuant to a plea agreement.  *Id.*  The plea agreement stipulated to a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(c)(1), in that the parties agreed that the defendant was responsible for approximately 7627.3 grams of actual methamphetamine.  *Id.*  The plea agreement also stipulated to a four-level reduction for a mitigating role, a three-level reduction for a minor participant role, and a three-level reduction for acceptance of responsibility, resulting in

1  an adjusted offense level of 28.  Id.  The parties agreed to a mandatory minimum prison
2  sentence of ten years (120 months).  *Id.*

3  Based on an offense level of 28 and Criminal History Category I, the applicable
4  guideline imprisonment range was 78 to 97 months.  (Presentence Report).  Probation
5  reported that given the lack of aggravating factors in the case, and given that the
6  mandatory minimum sentence was significantly higher than the otherwise applicable
7  guideline range, the Probation Officer did not see an alternative to a recommendation of
8  120 months, which was reasonably justified pursuant to 18 U.S.C. § 3553(a).  *Id.*  The
9  court adopted the findings in the PSR and sentenced Diaz-Chaidez to 120 months
10 imprisonment on Count One, the prison term agreed to by the parties. (Statement of
11 Reasons at 1).  Count Two of the indictment was dismissed on the motion of the
12 government.  Doc. no. 69.

13 On December 7, 2015, movant filed a motion for reduction of sentence, arguing
14 that he qualified for a sentence reduction under 18 U.S.C. § 3582(c)(2), in light of
15 Amendment 782.  Doc. no. 236.  Pursuant to the Sentencing Guidelines, effective
16 November 1, 2014, Amendment 782 revises the Drug Quantity Table in U.S.S.G.
17 § 2D1.1, applicable to sentences imposed for certain drug-related convictions.  Although
18 Amendment 782 may be applied retroactively to previously-sentenced defendants, the
19 court may not order a reduced term of imprisonment based on Amendment 782, unless
20 the effective date of the court's order is November 1, 2015, or later.  U.S.S.G
21 § 1B1.10(e)(1).

22 The Probation Office prepared a sentence reduction investigation report to
23 determine whether movant is entitled to a reduction under Amendment 782.  Doc. no.
24 234.  On November 2, 2015, the Probation Office filed the sentence reduction
25 investigation report with the court.  *Id.*  The Probation Office reported that movant's
26 sentence could not be further reduced because movant's original sentence was the
27 statutory mandatory minimum of 120 months imprisonment.  *Id.*  The Probation Office
28 represents that the government agrees that movant is not entitled to a reduction.  *Id.*

Furthermore, appointed counsel filed a status report on June 16, 2015, stating that, after reviewing movant's file, the Federal Public Defender's Office would not file a motion on movant's behalf and would not oppose or respond to any report issued by the Probation Officer.  Doc. no. 235.

Because movant was sentenced to the mandatory minimum prison sentence of ten years (120 months), pursuant to 21 U.S.C. § 846, no relief is available under Amendment 782.  *See* U.S.S.G. § 1B1.10, cmt. n. 1(A) (a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) None of the amendments listed in subsection (d) is applicable to the defendant; or (ii) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).  *See United States v. Paulk,* 569 F.3d 1094, 1095 (9th Cir. 2009) (per curiam) (the court held that the defendant was not entitled to a reduction because his sentence was not "based on a sentencing range that has subsequently been lowered by the sentencing commission," but rather was based on the statutory mandatory minimum under 21 U.S.C. § 841).  *See also United States v. Mullanix,* 99 F.3d 323, 324 (9th Cir. 1996) (noting that "the mandatory minimum was not affected by the change in the [drug] equivalency tables").

In the present matter, the court determines that pursuant to 21 U.S.C § 846, movant was sentenced to the statutory mandatory minimum of 120 months and Amendment 782 does not have the effect of lowering movant's guideline range.  Accordingly, the motion for sentence reduction is DENIED.

**IT IS SO ORDERED.**

Dated: February 12, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge